IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**LARRY STOVALL**     **PLAINTIFF**

v.     **CIVIL ACTION NO. 2:11-cv-00107-SAA**

**MICHAEL J. ASTRUE,**
**Commissioner of Social Security**     **DEFENDANT**

## MEMORANDUM OPINION

This case involves an application pursuant to 42 U.S.C. § 405(g) for judicial review of the decision of the Commissioner of Social Security denying a period of disability (POD) and disability insurance benefits (DIB) under Title II of the Social Security Act. In accordance with the provisions of 28 U.S.C. § 636(c), both parties consented to have a United States Magistrate Judge conduct all proceedings in this case, including an order for entry of a final judgment. Therefore, the undersigned has authority to issue this opinion and the accompanying final judgment.

## FACTS

Plaintiff Larry Stovall was born on April 4, 1948, and is currently sixty-four years of age. Docket 13, p. 144. He has a high school education and his employment experience includes employment as a carpenter and cabinet maker. Docket 13, p. 165. Plaintiff filed an application for benefits on March 15, 2007. Docket 13, p. 27. He initially claimed a disability onset date of August 31, 1999 at fifty-one years of age. Docket 13, p. 144. He later amended this onset date to April 4, 2003, when he was fifty-five years old. Docket 13, p. 19, 80. His application was administratively denied both initially, on July 30, 2007 (Docket 13, p. 85, 97-99,100), and on

reconsideration, on August 30, 2007. Docket 13, p. 101-03. Plaintiff contends he is disabled due to degenerative disc disease of the cervical and lumbar spine, hypertension, and depression. Docket 13, pp. 40, 182. He timely filed a Request for Hearing before an Administrative Law Judge (ALJ) on October 7, 2007. Docket 13, p. 89. The ALJ denied plaintiff's request for benefits on November 3, 2009 (Docket 13, p. 19-26), the Appeals Council denied his request for review on February 24, 2011 (Docket 13, p. 3-5), and he timely filed suit in this court appealing the denial of benefits. Docket 13, p. 7-11. The case is now ripe for review.

## **STANDARD OF REVIEW**

In determining disability, the Commissioner, through the ALJ, works through a five-step sequential evaluation process.[1] The burden rests upon plaintiff throughout the first four steps of this five-step process to prove disability, and if plaintiff is successful in sustaining his burden at each of the first four levels, then the burden shifts to the Commissioner at step five.[2] First, plaintiff must prove he is not currently engaged in substantial gainful activity.[3] Second, plaintiff must prove his impairment is "severe" in that it "significantly limits [his] physical or mental ability to do basic work activities . . . ."[4] At step three, the ALJ must conclude plaintiff is disabled if he proves that his impairments meet or are medically equivalent to one of the impairments listed at 20 C.F.R. Part 404, Subpart P, App. 1, §§ 1.00-114.09 (2010).[5] If plaintiff

---

[1] *See* 20 C.F.R. § 404.1520 (2010).

[2] *Crowley v. Apfel,* 197 F.3d 194, 198 (5th Cir. 1999).

[3] 20 C.F.R. § 404.1520(b) (2010).

[4] 20 C.F.R. § 404.1520(c)(2010).

[5] 20 C.F.R. § 404.1520(d) (2010). If a claimant's impairment meets certain criteria, that claimant's impairments are "severe enough to prevent a person from doing any gainful activity."

2

does not meet this burden, at step four he must prove that he is incapable of meeting the physical and mental demands of his past relevant work.[6] At step five, the burden shifts to the Commissioner to prove, considering plaintiff's residual functional capacity (RFC), age, education and past work experience, that he is capable of performing other work.[7] If the Commissioner proves other work exists which plaintiff can perform, plaintiff is given the chance to prove that he cannot, in fact, perform that work.[8] Before considering extrinsic evidence whether other work exists, the Commissioner must consult the Medical-Vocational Guidelines as a framework for decision making.[9]

The court considers whether the Commissioner's final decision is supported by substantial evidence and whether she used the correct legal standard. *Crowley v. Apfel,* 197 F.3d 194, 196 (5th Cir. 1999), citing *Austin v. Shalala*, 994 F.2d 1170 (5th Cir. 1993); *Villa v. Sullivan,* 895 F.2d 1019, 1021 (5th Cir. 1990). The court must scrutinize the entire record to determine whether the ALJ's decision was supported by substantial evidence and whether the Commissioner applied the proper legal standards in reviewing the claim. *Ransom v. Heckler*, 715 F.2d 989, 992 (5th Cir. 1983). The court has limited power of review and may not re-weigh the evidence or substitute its judgment for that of the Commissioner,[10] even if it finds that the

---

20 C.F.R. § 416.925 (2003).

[6]20 C.F.R. § 404.1520(e) (2010).

[7]20 C.F.R § 404.1520(g) (2010).

[8]*Muse*, 925 F.2d at 789.

[9]20 C.F.R. Part 404 Subpart P Appx 2 (Guidelines) § 200.00(a).

[10]*Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).

evidence leans against the Commissioner's decision.[11] In the Fifth Circuit substantial evidence is "more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Crowley v. Apfel*, 197 F.3d 194, 197 (5th Cir. 1999) (citation omitted). Conflicts in the evidence are for the Commissioner to decide, and if there is substantial evidence to support the decision, it must be affirmed even if there is evidence on the other side. *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990). The proper inquiry is whether the record, as a whole, provides sufficient evidence that would allow a reasonable mind to accept the conclusions of the ALJ. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "If supported by substantial evidence, the decision of the [Commissioner] is conclusive and must be affirmed." *Paul v. Shalala,* 29 F.3d 208, 210 (5th Cir. 1994), citing *Richardson v. Perales,* 402 U.S. 389, 390, 28 L.Ed.2d 842 (1971).

After a hearing on plaintiff's application, the Commissioner, acting through the ALJ, concluded that the plaintiff was not under a "disability" as defined in the Social Security Act at any time from April 4, 2003, the amended alleged onset date, through December 31, 2004, the date last insured. Docket 13, p. 26. The ALJ determined that even though the plaintiff has severe impairments of neck and back disorders (Docket 13, p. 21), they neither singly, nor in combination with other conditions, meet or medically equal any impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. Docket 13, p.23-24, Finding Nos. 3 & 4. The ALJ determined that the plaintiff has the RFC to perform the full range of medium work, "to occasionally lift and carry 50 pounds and frequently lift and carry 25 pounds, stand and walk for six hours and sit for

---

[11]*Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994); *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988).

six hours in an eight-hour workday. He could perform pushing and pulling to the extent of 50 pounds." Docket 13, p. 24, Finding No. 5. The ALJ relied upon the assessment of Dr. Thomas Jeffcoat, a non-examining state agency physician, in making his determination. *Id.* Then, relying on the testimony of a vocational expert ("VE"), the ALJ determined that the plaintiff could return to his past relevant work as a carpenter and cabinet maker. Docket 13, p. 26. As such, the ALJ determined that the plaintiff was not disabled under the Social Security Act at any time between April 4, 2003, the amended alleged onset date, through December 31, 2004, the date last insured. Docket 13, p. 26.

On appeal, the plaintiff argues that the ALJ and the Appeals Council did not apply the proper legal standards, and that the decision was not supported by substantial evidence. According to plaintiff the ALJ's RFC assessment was unsupported by any medical opinion from a treating physician and was contrary to the opinion of the plaintiff's treating physician. In addition, the plaintiff claims that in light of either the VE's testimony or *Medical-Vocational Rule 201.06,* ALJ should have found him disabled at Step 5 as of plaintiff's amended onset date of April 4, 2003, his fifty-fifth birthday. Finally, the plaintiff claims that he suffered from depression as well as the other claimed impairments and that the ALJ erred as a matter of law when he unilaterally dismissed the claimed depression as "non-severe" without proper consideration under the Social Security Act.

## DISCUSSION

Plaintiff's Mental Impairment

In addition to plaintiff's back pain and hypertension, he also claims he suffers from significant depression. Docket 13, p. 34. His medical records confirm that he was diagnosed with depression by Dr. Troy D. Morris, his treating physician, and was taking an antidepressant. Docket 13, pp. 253, 256, 260-265, 305, 307. Despite clear medical evidence of a depression diagnosis by a treating physician, the ALJ concluded,

> [t]he claimant has received the diagnosis of depression (Exhibit 4F) but he has never pursued any course of mental health treatment and the documentary record presents essentially no significant objective findings regarding this condition. The claimant accordingly fails to establish that any of the foregoing issues constitutes a "severe" impairment within the meaning of 20 CFR 404.1521 and 416.921 and the Social Security Act. Docket 13, p. 23.

Plaintiff contends that this conclusion was an error as a matter of law because when a mental impairment is alleged, the ALJ must follow the procedure set forth in 20 CFR 404.1520a. Docket 16, p. 4. The government has not responded to this argument and elected largely to reiterate the ALJ's logic, noting that the plaintiff did not seek treatment for his alleged depression (Docket 18, p. 8), he simply mentioned depression in the hearing before the ALJ, he did not allege depression in his "Disability Report" (Docket 18, p. 10), he did not make "any significant attempt to seek treatment of his alleged depression or any other mental health issue"(Docket 18, p. 8), and that the ALJ found that the plaintiff's depression was not a medically determinable impairment.[12] Docket 18, p. 10.

Although a claimant's statements alone are not enough to establish the existence or validity of a medically determinable severe impairment, objective medical evidence, including a

---

[12] In his decision, the ALJ actually concluded that the plaintiff was diagnosed with depression and – without evaluating the condition under CFR 404.1520(a) – concluded that the depression was not a "severe" impairment. Docket 13, p. 23.

diagnosis and ongoing treatment with prescription medication, provides sufficient evidence to require more than simple dismissal of claims based on the ALJ's opinion alone. *Scroggins v. Astrue*, 598 F.Supp 2d 800, 806 (N.D. Tex. 2009). "Medically acceptable evidence includes observations made by a physician during physical examination and is not limited to the narrow strictures of laboratory findings or test results." *Ivy v. Sullivan,* 898 F.2d 1045,1048–49 (5th Cir. 1990). Medical evidence must support a physician's diagnosis, but if it does "[t]he expert opinion of a treating physician as to the existence of a disability [is] binding on the fact-finder unless contradicted by substantial evidence to the contrary." *Loza v. Apfel,* 219 F.2d 378, 393 (5th Cir. 2000), quoting *Bastien v. Califano,* 572 F.2d 908, 912 (2d Cir.1978); *see also* 20 C.F.R. § 404.1527(d)(2).

Under 20 CFR 404.1520(a), evidence of a mental impairment that may prevent a claimant from working requires that the ALJ evaluate additional requirements addressing mental impairments:

> First, the ALJ must determine the presence or absence of certain medical findings relevant to the ability to work. 20 CFR 404.1520a(b)(1). Second, when the claimant establishes these findings, the ALJ must rate the degree of functional loss resulting from the impairment by considering four areas of function: (a) activities of daily living; (b) social functioning; (c) concentration, persistence, or pace; and (d) episodes of decompensation. Third, after rating the degree of loss, the ALJ must determine whether the claimant has a severe mental impairment. Fourth, when a mental impairment is found to be severe, the ALJ must determine if it meets or equals a Listing. Finally, if a Listing is not met, the ALJ must then perform a residual functional capacity assessment, and the ALJ's decision must incorporate the pertinent findings and conclusions regarding plaintiff's mental impairment, including a specific finding as to the degree of limitation in each of the functional areas described in 404.1520a(c)(3).

*Miller v. Astrue*, 695 F.Supp.2d 1042, 1045 (C.D. Cal. 2010) (internal quotations omitted). Although it is not necessarily reversible error for an ALJ to determine a claimant's depression as non-severe without following the "special technique" outlined in 20 CFR

7

404.1520(a), if the record supports the claimant's allegations of depression by medical records showing diagnosis, physicians prescribing medication for depression and follow-up visits for prescription refills, statements from the treating physician and supporting medical evidence cannot be dismissed or disregarded by the ALJ. *Scroggins*, 598 F.Supp 2d at 806. Additionally, the ALJ's failure to follow the procedure set forth in 20 CFR 404.1520(a) may be considered harmless error where the record does not contain "any objective medical findings or subjective evidence . . . that would establish existence of <u>any</u> limitation of plaintiff's ability to work due to depression." *McManus*, 2009 WL 5174683, at *5 (emphasis added).

In *McManus v. Astrue*, No. 1:08CV113-SAA, 2009 WL 5174683, at *5 (N.D. Miss. Dec. 21, 2009), this court found that it was not reversible error for an ALJ to find that depression was non-severe if the plaintiff has not alleged depression as an impairment in his application or otherwise at the administrative level or pointed to evidence indicating that depression affects his ability to work, but the facts in *McManus* are not on all fours with those in this case. Although the plaintiff did not claim depression as an impairment in his initial application, the record evidence indicates, and the ALJ succinctly admitted, that the plaintiff was diagnosed with depression and treated on an ongoing basis by his treating physician, Dr. Morris. Docket 13, p. 23. The record is clear that Dr. Morris prescribed medication for the treatment of plaintiff's depression.[13] Docket 13, pp. 253, 256, 260-265, 305, 307, 392, 396, 403-406, 410-418. The ALJ was obviously aware of the plaintiff's claimed mental impairment. The treating physician's

---

[13] *Lamb v. Barnhart*, 85 Fed. Appx. 52, 57-58 (10th Cir. 2003) (concluding that a claimaint's diagnosis of depression and treatment with medication is sufficient evidence to establish a medically determinable mental impairment and therefore trigger the ALJ's requirement to evaluate the severity of the mental impairment in accordance with 20 CFR 404.1520a).

8

Medical Source Statement notes that the plaintiff's emotional factors contributed to the severity of the patient's symptoms and functional limitations. Docket 13, p. 307. Statements by medical sources to the effect that a claimant is "disabled" are not dispositive, but an ALJ must consider all medical findings and evidence that support such statements. *Newton v. Apfel,* 209 F.3d 448, 456 (5th Cir. 2000); *see also Alejandro v. Barnhart*, 291 F. Supp. 2d 497, 507 (S.D. Tex. 2003); 20 C.F.R. §§ 404.1527(b), 416.927(b). Nonetheless, opinions on ultimate issues, such as disability status under the regulations, are reserved exclusively to the ALJ. *Id.* at 455.

The ALJ's conclusion that plaintiff's depression was not a "severe" impairment may be accurate. Nevertheless, the fact that plaintiff was diagnosed by a treating physician, receiving on going treatment and follow up for a prescription therapy regimen, the ALJ should have minimally followed the procedure for evaluating mental impairments under 20 C.F.R. § 404.1520(a) and if applicable, any impairing effects of plaintiff's depression should be addressed in the RFC assessment, not at the determination of a severe impairment. Scroggins, 598 F. Supp. 2d at 806; *See also* 20 C.F.R. § 404.1520(a); 20 C.F.R. § 404.1527(d). Given the ALJ's complete disregard for this evidence from Dr. Morris, it is apparent that he applied an incorrect standard of severity at step 2 when he determined plaintiff's severe impairments. Accordingly the court finds that the plaintiff's argument that the ALJ made this determination in error has merit and the case should be remanded for additional consideration of the plaintiff's depression in accordance with all applicable reductions.

<u>Plaintiff's Remaining Arguments on Appeal</u>

Because the court has determined that this action should be remanded for further evaluation consistent with this opinion, the court need not address, in detail, the merits of the

plaintiff's remaining arguments at this time.

## **CONCLUSION**

After thoroughly reviewing the evidence presented to the ALJ and to the Appeals Council and the record as a whole, the court holds that the ALJ's opinion was not supported by substantial evidence, and the decision of the Commissioner is remanded for additional consideration. A separate judgment in accordance with this Memorandum Opinion will issue this date.

This, the 3rd day of May, 2013.

/s/ S. Allan Alexander
UNITED STATES MAGISTRATE JUDGE